FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES GREINER,<br><br>            Plaintiff,<br><br>-vs-<br><br>TESLA, INC. and ELON MUSK,<br><br>            Defendants. | No.   2:23-CV-00305-JAG<br><br>**ORDER** |

**BEFORE THE COURT** are Defendant's Motion to Confirm Arbitration Award in Favor of Tesla, Inc.; ECF No. 9, Defendant's Amended Motion to Dismiss for Failure to State a Claim, ECF No. 16; Plaintiff's Motions for Entry of Default as to Elon Musk, ECF Nos. 21, 27, and 34; and, Plaintiff's Motion for Sanctions, ECF No. 31.

### I.    BACKGROUND

Defendant Tesla, Inc. ("Tesla" or "Defendant") rejected Plaintiff's application for employment. Plaintiff inferred that Tesla improperly considered his application due to Tesla's failure to review his personal website, which according to Plaintiff exemplified his "exceptional abilities" sought by Elon Musk.

Pursuant to an Arbitration Agreement entered into as a condition of applying for employment, Plaintiff sought relief from Judicial Arbitration and Mediations Services/Endispute, Inc. ("JAMS") claiming that Tesla violated his civil rights

ORDER - 1

during the application process. The mediator granted Tesla's Motion to Dismiss Arbitration Proceeding for Failure to State a Claim. ECF No. 9-9. The decision indicates that Plaintiff's claim rested on an alleged violation of 20 C.F.R. § 655.739(h), which does not provide a cause of action for aggrieved parties. *Id*.

Plaintiff now seeks redress from both Tesla and Elon Musk ("Musk") in a Complaint, ECF No. 1, that thoroughly explains Plaintiff's version and interpretation of events, but does not identify any viable causes of action, *i.e.*, the statute(s), case law, or legal principles that authorize suit in this instance and that prohibit the action(s) Plaintiff alleges Defendants took in violation of law.

Defendants in turn seek to enforce the arbitration award and dismiss Plaintiff's lawsuit arguing that Plaintiff's claims are identical to those addressed in the arbitration award and thus are decided.

## II.     ANALYSIS

**A.     <u>Defendant's Motion to Confirm Arbitration Award, ECF No. 9:</u>**

Based on the materials submitted regarding the underlying arbitration proceeding, the Court finds the arbitration decision binding on Plaintiff. This Court will not disturb the arbitration decision issued by Ronald Cox of JAMS as courts do not typically review arbitration decisions because "[r]eviewing an arbitration decision for mistakes of law or fact would call into question the finality of arbitration decisions and undermine alternative dispute resolution." *Kitsap Cnty. Deputy Sheriff's Guild v. Kitsap Cnty.*, 167 Wash. 2d 428, 434–35 (2009). "Public policy here in Washington strongly favors the finality of arbitration awards. The arbitrator is the final judge of both the facts and the law." *Billings v. Town of Steilacoom*, 2 Wash. App. 2d 1, 16, (2017) (internal citations omitted). Accordingly, Defendant's Motion to Confirm Arbitration Award, ECF No. 9, is granted. To the extent that any of Plaintiff's existing claims overlap with the arbitration award, those claims are dismissed.

ORDER - 2

B.  **Defendant's Amended Motion to Dismiss for Failure to State a Claim, ECF No. 16:**

Defendant then asks the Court to dismiss Plaintiff's claims because in Defendant's view they are subsumed by the final arbitration award. As discussed above, the Court agrees that any of Plaintiff's claims decided in arbitration should be dismissed as there is a final decision in the arbitration proceeding. The substance of Plaintiff's claims, however, appear to sound in contract and tort, the first, alleging that Tesla breach of the arbitration agreement, and the second having to do with Elon Musk's alleged negligence and breach of a duty of care.

The Court finds it difficult to discern the facts underlying the alleged breach of contract claim as well the specific legal violation(s) alleged against Defendant Musk based on Plaintiff's current Complaint. In the claim against Defendant Musk Plaintiff discusses a myriad of issues including violations of civil rights based on nationality, violations of immigration regulations, and tortious conduct, although it is not clear who Plaintiff alleges Musk owes a duty of care to in asserting his tort claim(s). Each legal violation could constitute a separate claim, if clearly alleged, and facts support the elements of each legal claim.

Although the concerns raised in the Complaint are strikingly similar to those addressed in the arbitration proceeding, Plaintiff insists that the claims are different, and provides some basis for such a finding, as he references breach of contract issues and includes a long discussion in the Complaint about Defendant Musk's alleged duty of care and alleged negligence.

"A document filed *pro se* is "to be liberally construed," and "a *pro se* complaint, 'however inartfully pleaded,' must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be

ORDER - 3

so construed as to do substantial justice"). The Complaint currently before the Court, however, does not contain clear, specific legal claims or identify the facts that would prove the elements of those claims. Accordingly, the Court shall provide Plaintiff leave to file an Amended Complaint that clarifies the issues before the Court, includes citations to the applicable law(s) and legal principles upon which Plaintiff relies, references specific causes of actions that Plaintiff alleges, and demonstrates how the facts Plaintiff discusses meet the elements for each alleged cause of action and violation of law.[1]

C.  **Plaintiff's Motions for Entry of Default as to Elon Musk, ECF Nos. 21, 27 and 34:**

Turning to Plaintiff's pending motions for entry of default judgment, both Defendants responded to the Complaint in a timely manner, so entry of default is not appropriate. *See* ECF No. 16. Though Plaintiff is correct that typically an Answer must be filed within 21 days of service, Fed. R. Civ. P. 12(b) mandates that a motion asserting failure to state a claim upon which relief can be granted, "must be made before pleading if a responsive pleading is allowed." Once the Motion to Dismiss was filed on behalf of both Defendants, the rules automatically extended Defendants' deadline for filing the answer. Fed. R. Civ. P. 12(b). Due to the lack of clarity regarding Plaintiff's claims, the Court necessarily further extends Defendants' responsive pleading deadline until 21 days after Plaintiff files an Amended Complaint, if he so chooses to do so.

---

[1] Typically, any specific law Plaintiff alleges Defendants' allegedly violated must include the right for an individual to seek civil redress for there to be a viable cause of action. By way of reference, Plaintiff may wish to consult resources such as this: https://legal.thomsonreuters.com/blog/cause-of-action-overview-and-how-to-specify-elements/

ORDER - 4

D.   **Plaintiff's Motion for Sanctions, ECF No. 31:**

Plaintiff's Motion for Sanctions is denied. Plaintiff asserts that Defendants' filings constitute fraud but does not specify which statements that are untrue and also appears to concede that sanctions are not appropriate in his reply brief. *See* ECF No. 33.

E.   **Plaintiff's Motion for Summary Judgment, ECF No. 36**

Plaintiff's Motion for Summary Judgment is denied as moot, with the right to renew, after an Amended Complaint is filed. In any future motion(s) for summary judgment, it would be helpful to the Court if Plaintiff identifies an issue to be decided by the Court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Confirm Arbitration Award, **ECF No. 9,** is **GRANTED** as stated in this Order.

2. Defendants' Amended Motion to Dismiss, **ECF No. 16,** is **DENIED**, **with the right to renew**.

3. Defendant's Motion to Dismiss, **ECF No. 13**, is **DENIED as MOOT**.

4. Plaintiff's Motion for Sanctions, **ECF No. 31,** is **DENIED**.

5. Plaintiff's Motions for Entry of Default, **ECF Nos. 21, 27, and 34,** are **DENIED**.

6. Plaintiff's Amended Complaint shall be filed no later than **August 2, 2024**.

7. Defendants shall file a responsive pleading 21 days after Plaintiff files an Amended Complaint, if he so chooses to do so, pursuant to the deadlines in Fed. R. Civ. P. 12.

8. Plaintiff's Motion for Summary Judgment, **ECF No. 36 is DENIED AS MOOT, with the right to renew.**

ORDER - 5

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel and *pro se* Plaintiff.

DATED June 28, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 6