FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 14, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES GREINER,<br><br>     Plaintiff,<br><br> -vs-<br><br>TESLA, INC. and ELON MUSK,<br><br>     Defendants. | No. 2:23-CV-00305-JAG<br><br>ORDER DISMISSING ALL CLAIMS WITH PREJUDICE |

**BEFORE THE COURT** are Defendants' Motions to Dismiss for Failure to State a Claim; ECF No. 49 and 52. In the interim while the motions were pending, Plaintiff filed a "Notice of Voluntary Dismissal Against Elon," ECF No. 56, as well as a "Notice of Voluntary Dismissal (of Count 5 – Libel against Tesla)," ECF No. 55. The Court has reviewed the briefing, Plaintiff's Notices, Plaintiff's First Amended Complaint, ECF No. 48, and Second Amended Complaint, ECF No. 51, and is fully informed. For the reasons detailed below, all claims are dismissed with prejudice.

## I. BACKGROUND

The Court entered an Order on June 28, 2024, wherein the Court confirmed the Arbitration award, denied Plaintiff's Motion for Summary Judgment, denied Plaintiff's Motion for Entry of Default, and denied Defendant's previous motions to dismiss pending Plaintiff's submission of an amended complaint that clarifies

ORDER - 1

Plaintiff's claims and provide specific factual support for the elements of each claim. ECF No. 46. Plaintiff filed not only a First Amended Complaint, ECF No. 48, but also a Second Amended Complaint, ECF No. 51.

## II.    ANALYSIS

Defendants, in successive Motions to Dismiss, seek dismissal of both the First Amended Complaint and the Second Amended Complaint for failure to state a claim. ECF Nos. 49 and 52. Defendants ask the Court to dismiss Plaintiff's claims as no claim alleged is supported by facts that if proven, could support a finding in Plaintiff's favor. Rather than addressing the specifics of Defendant's arguments, Plaintiff offers blanket arguments in support of his claims. Plaintiff does not point to any specific facts that support the elements of each claim raised. Although Plaintiff clarified the legal claims in the newly amended complaints, Plaintiff's recitation of facts does not support every element of each claim. ECF Nos. 50 and 53. Consequently, for the reasons stated below, the Court grants Defendants' Motions to Dismiss.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to raise the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The complaint provides a defendant notice of the claim(s) being made and the facts a plaintiff asserts supports those claims. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts need not accept as true legal conclusions "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Only a complaint that states a plausible claim for relief with well-pleaded facts

demonstrating the pleader's entitlement to relief can survive a motion to dismiss. *Id.* at 679. "The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).

Plaintiff raises eleven separate claims in his First Amended and Second Amended Complaints. The Court accepts Plaintiff's voluntary dismissal of claims against Elon Musk and the libel claim against Tesla. The Court examines the viability and plausibility of each remaining claim based on the facts alleged in the complaints in turn below.

A. **Tesla—Breach of Contract:**

To establish breach of contract, Plaintiff must demonstrate: (1) that the parties had a contract; (2) the contract imposed a duty on Defendant Tesla; (3) Defendant Tesla breached that duty; and (4) the breach proximately caused Plaintiff's damages. *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 78 Wn. App. 707, 712 (1995). Plaintiff alleged facts, that if true, support his claim as to the first and second elements of the breach of contract claim. The First Amended Complaint, ECF No. 48, quotes an Arbitration Agreement between Plaintiff and Tesla. The Arbitration Agreement is a contract between the parties; thus, Plaintiff established the first element. The Arbitration Agreement imposed a duty on both parties to arbitrate "any and all disputes and claims…" ECF No. 48 at 20. Therefore, Plaintiff demonstrated the second element.

Plaintiff, however, does not provide factual support for the third element, breach. Plaintiff acknowledges that he or Tesla would have breached the contract had either sought to resolve the dispute outside of arbitration. ECF No. 48 ("The same goes for Tesla – it is a Breach of Contract for Tesla not to use JAMS as the 'Exclusive method' to resolve 'any and all' disputes and claims."). He does not provide any factual basis supporting his allegation that Tesla breached the

Arbitration Agreement. Instead, he complains that "JAMS does NOT 'Resolve' anything. . ." ECF No. 48 at 20. Plaintiff insinuates that the process, and Tesla's position during the arbitration, somehow caused a breach. JAMS' failure to address the dispute in a manner that Plaintiff desires does not amount to a breach by Tesla. Tesla engaged in the arbitration process and did not seek outside resolution of the claims/disputes as required by the contract. Accordingly, the complaint fails to state breach of contract claim against Tesla.

The Court notes that in this and in several of the claims surrounding the arbitration process, Plaintiff directs ire and fault at JAMS and the arbitrator. Neither are parties to the suit. In each of the claims, including the breach of contract above, Plaintiff must prove the elements as to the named defendant.

**B.    Tesla—Abuse of Process:**

"The tort of abuse of process requires misuse of a judicial proceeding to accomplish an act for which the process was not designed." *Maytown Sand & Gravel, LLC v. Thurston Cnty.*, 191 Wn.2d 392, 439 (2018), *as amended* (Oct. 1, 2018). To establish the tort of abuse of process, Plaintiff "must prove: (1) an ulterior purpose to accomplish an object not within the proper scope of the process; (2) an act not proper in the regular prosecution of proceedings; and (3) harm proximately caused by the abuse of process." *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wn. App. 464, 477 (2017)

Plaintiff fails to allege facts sufficient to survive a motion to dismiss as to the abuse of process claim. Plaintiff proposes that the "process" abused is the JAMS arbitration. Arbitration is not a judicial proceeding, so may not qualify as process for the purpose of the abuse of process tort. However, even if the Court accepts the novel application of the abuse of process tort to an arbitration as sufficient for the purpose of a motion of dismiss, Plaintiff also failed to proffer facts supporting the elements of the tort. Focusing on Defendant Tesla's alleged

actions, Plaintiff complains that Tesla "dragged their feet" and filed a Motion to Dismiss allegedly working together with JAMS to breach the arbitration agreement. ECF No. 48. Plaintiff fails to provide examples of how Tesla drug their feet. Nor does Plaintiff provide facts supporting the alleged collusion. Further, Plaintiff does not explain how filing a motion to dismiss breached the arbitration agreement. Plaintiff provides no evidence of ulterior motives, in fact, inferring from the information Plaintiff provided Defendant Tesla's motive appears to have been to resolve the arbitration in Defendant Tesla's favor. Such a motive is within the proper scope of arbitration. For all these reasons, Plaintiff's abuse of process claim cannot survive a motion to dismiss.

## C.    Tesla—Civil Conspiracy:

To survive dismissal on civil conspiracy claim, Plaintiff's complaint must allege facts support a finding "that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *All Star Gas, Inc., of Washington v. Bechard*, 100 Wn. App. 732, 740 (2000). When "the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient." *Lewis Pacific Dairymen's Ass'n v. Turner*, 50 Wn.2d 762, 772 (1957).

In an overlapping statement of facts with the abuse of process claim, Plaintiff alleges that Defendant Tesla and JAMS conspired to subvert the arbitration process and deny him the opportunity to appeal the results of the arbitration. In support of this claim Plaintiff points to the fact that he felt that that the arbitrator held him and Defendant Tesla to differing standards, he was not allowed to appeal the arbitrator's decision, and that JAMS handles a large number of arbitrations for Tesla. Plaintiff does not provide examples of the arbitrator's

differential treatment between Tesla and Plaintiff—*i.e.* rules that Plaintiff had to follow that Tesla did not. He provided no evidence of an agreement between JAMS and Tesla outside the proceedings. The remaining concerns raised are as consistent with a lawful purpose as an unlawful one and therefore cannot establish a conspiracy. Therefore, Plaintiff's claim for civil conspiracy is dismissed with prejudice.

**D.    Tesla—Estoppel:**

Though typically raised as an affirmative defense to liability, equitable estoppel *may* apply where one party justifiably relies on another's admission, statement, or act. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 19 (2002). "The party relying on an equitable estoppel argument must prove "(1) an admission, act or statement inconsistent with a later claim; (2) another party's reasonable reliance on the admission, act or statement; and (3) injury to the other party which would result if the first party is allowed to contradict or repudiate the earlier admission, act or statement." *Schoonover v. State*, 116 Wn. App. 171, 179–80 (2003). Not all reliance creates estoppel. "[E]quitable estoppel does not apply where both parties can determine the law and have knowledge of the underlying facts." *Id*. at 180. The party asserting equitable estoppel must prove the elements by clear, cogent, and convincing evidence. *Lybbert v. Grant County*, 141 Wn.2d 29, 35 (2000).

Plaintiff argues that, "[i]t is Estoppel to require Arbitration, and then during Arbitration to argue that Arbitration should not be used, but rather the Secretary of Labor and the Attorney General instead." ECF No. 48, at 23. This is a misstatement of law. An arbitration agreement is not an "admission or statement." It is a legal document. Making legal arguments during the arbitration, even if the arbitrator relies on those arguments to dismiss the claims does not constitute a repudiation of the arbitration contract or process; instead, it is the arbitration

ORDER - 6

process working as intended.  The Court understands that Plaintiff feels that the results of the arbitration were unfair—he believed that he had a valid concern and the arbitrator focused on legal technicalities rather than righting the wrong that Plaintiff believed had been perpetrated.  Unfortunately, not all perceived wrongs can be righted, whether in arbitration or in a lawsuit.  Plaintiff's concern about the adherence of Tesla's hiring practices to administrative regulations has no avenue for recourse in arbitration or Federal court.

**E.**    **Tesla—Libel:**

Pursuant to Plaintiff's Notice of Voluntary Dismissal, ECF No. 55, this claim is dismissed with prejudice.

**F.**    **Claims against Musk for Tortious Interference, Breach of Contract, Violation of Immigration Regulations, Violation of Civil Rights Based on Nationality, Gross Negligence in Duty of Care to Tesla, and Abuse of Process:**

Pursuant to Plaintiff's Notice of Voluntary Dismissal against Elon (Not Tesla), ECF No. 56, Plaintiff's claims against Elon Musk are dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' Motion to Dismiss for Failure to State a Claim, **ECF No. 49,** is **GRANTED**.

2.    Defendants' Motion to Dismiss for Failure to State a Claim, **ECF No. 52,** is **GRANTED**.

3.    All claims are **DISMISSED with PREJUDICE**.

4.    All remaining motions are **DENIED AS MOOT.**

5.    Judgment shall be entered in favor of the Defendants.

6.    The case is **CLOSED.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order, provide copies to counsel and *pro se* Plaintiff, enter Judgment in favor of the Defendants, and **CLOSE** this case.

DATED January 14, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8